HOBSON, Judge.
Appellant, defendant below, appeals a final summary decree entered in favor of appellee, plaintiff below.
Appellee filed its complaint on November 22, 1965, alleging that it had acquired title to real property in a platted subdivision, known as Indian Lake Subdivision, by virtue of a mortgage foreclosure proceeding; that appellant had installed certain water and sewer facilities and lines in the subdivision and asserted the right to install and operate such facilities and lines on real property to which appellee claimed title; and that ap-pellee desired the court to determine and declare:
“* * * the basis, nature and extent of the interest, if any, of the defendant in and to real property owned by plaintiff under which the water and sewage lines are presently located.”
In its Second Amended Answer and Counterclaim, appellant asserted unencumbered ownership of, or right to, the existing facilities and lines and an easement in the streets and public places of the subdivision for the purpose of installing and operating a system of water and sewer facilities and lines. It alleged that it was in possession of the same at all material times; that it had spent $400,000 purchasing the rights to and installing such facilities and lines; and that its rights were not extinguished by the foreclosure proceeding or appellee’s claim of title. By the counterclaim, appellant sought affirmative relief, including an order that appellee be required to execute to appellant a recordable instrument evidencing its rights, and general relief. The trial court construed the counterclaim as a claim for declaration of appellant’s ■ rights.
The facts leading up to the filing of the complaint for declaratory decree are considerably involved. However, for the purposes of this appeal they may be summarized as follows:
Indian Lake Estates, Inc., as the owner of certain lands which it was developing, subdividing and selling, gave a mortgage in the amount of $1,500,000 in 1959 (hereinafter referred to as the 1959 mortgage) to Albert D. Matheseon, et al., as Trustees of the Central States, Southeast and Southwest Areas Pension Fund (hereinafter referred to as the Trustees) on 3500 lots in the subdivision. The 1959 mortgage contained the following recitation:
‘‘TOGETHER WITH all of the right, title and interest of the mortgagor in and to all streets, and public roads (which right, title and interest is subject to the right of the property owners at Indian Lake Estates to use said streets and public roads) as shown on the 17 plats of Indian Lake Estates, as filed in the Public Records of Polk County, Florida *139 and as more exactly described in the attached schedule.”
On August 28, 1961, Indian Lake Estates, Inc., gave another mortgage in the amount of $500,000 to the Trustees covering the same properties covered by the 1959 mortgage (excepting certain designated lots) and other additional properties. This mortgage will hereinafter be referred to as the 1961 mortgage.
The 1961 mortgage contained specific reservations by Indian Lake Estates, Inc., its successors and assigns as follows:
“SUBJECT TO THE FOLLOWING:
1. The right, hereby reserved, of the mortgagor, its successors and assigns, to construct, acquire, own, lease, or operate and inspect, maintain and repair, water, sanitary sewer and gas pipes, mains, conduits, laterals, valves, pumping stations, pressure lines, intercepting sewers and all equipment and appurtenances thereto, and electric transmission, distribution and telephone lines and circuits, in underground cables or attached to poles or other supports, together with guys, guy wires, cross arms and other attachments and incidental equipment and appurtenances, over, on, across, through and under the real property described in and encumbered by this mortgage.
2. The rights, if any, of present and future owners of lots in Indian Lake Estates to use, pursuant to the provisions of the respective covenants in deeds to such owners from the mortgagor, its successors and assigns, and central water plants, central sewage disposal plant, paved streets, dual lane avenues, 18-hole golf course, club house, pier, beach and recreational facilities constructed or caused to be constructed by the mortgag- or, its successors and assigns, upon the properties described in and encumbered by this mortgage.
3. That certain mortgage, in the original principal amount of $1,500,000, hereinafter referred to as ‘First Mortgage’, from Indian Lake Estates, Inc., a Florida corporation, as Mortgagor, to John A. Murphy, et al., as Trustees for Central States, Southeast and Southwest Areas Pension Fund, dated December 3, 1959 and recorded December 3, 1959 in Official Record Book 331 on Page 511, et seq., among the Public Records of Polk County, Florida, which mortgage encumbers the property described on pages 1 and 10 of Exhibit A hereto attached.”
On August 27, 1962, Indian Lake Estates, Inc., entered into an agreement with appellant by which it sold to appellant certain real estate covering a sewage treatment plant, water tower and other sewer and water facilities. This agreement also provided that Indian Lake Estates, Inc. would convey to appellant all necessary easements for installation and operation of the water and sewer facilities and lines. Pursuant to this agreement appellant paid Indian Lake Estates, Inc. $250,000 and obtained from Polk County a franchise to install and operate a water and sewer service throughout the subdivision.
Thereafter in 1963 and early 1964 appellant spent approximately $150,000 installing water and sewer lines in the area covered by the 1959 and 1961 mortgages.
On November 27, 1964, the Trustees commenced foreclosure of both the 1959 and 1961 mortgages. The appellant was not made a party to the foreclosure proceeding. On August 10, 1965 a decree of foreclosure was entered and the Trustees bid in the property at the foreclosure sale. In August 1965 three of the trustees who were named as plaintiffs in the foreclosure proceedings formed Indian Lake Properties, Inc., the appellee herein. The bid of the Trustees was then assigned to appellee and the properties subject to the mortgages were deeded to it.
The summary final decree appealed held that the foreclosure proceedings of the 1959 and 1961 mortgages extinguished any *140 rights that the appellant might have had to install and operate utilities in the properties foreclosed by the Trustees. In this respect the summary final decree states as follows:
“* * * The foreclosure proceedings were regular in all respects. The defendant, Consolidated Utility Services, Inc., was not joined in the foreclosure suit as a party defendant since the public records of Polk County, Florida, disclosed no such adverse claim by it in the lands described in the foreclosure proceedings and in the Certificate of /Title. Notice of the foreclosure was given by publication to all unknown claimants as required by law, but the defendant did not appear or assert its claim in response thereto. It is admitted by the defendant that neither the plaintiff nor the Trustees, its assignors, were parties to or advised of the memorandum agreement between the defendant, Consolidated Utility Services, Inc., and the mortgagor, Indian Lake Estates, Inc., dated August 27, 1962 (Defendant’s Exhibit No. 2). It is apparent as a matter of law and the Court finds that the plaintiff holds fee simple title in and to the lands described in the Certificate of Title and that the defendant holds no right, title or interest in and to any of said lands.”
. The trial court held that the foreclosure proceedings extinguished any rights of the appellant on the premise that the appellant was an unknown claimant and that proper service was had upon all unknown claimants as required by law. We cannot agree with the learned chancellor below that the appellant was an “unknown claimant.” The record on appeal discloses that attached to the foreclosure complaint was a copy of a decree of the Circuit Court of the Tenth Judicial Circuit of the State of Florida, in and for Polk County, and designated as Exhibit “M”. Contained in this Exhibit “M” which the Trustees, the assignors of the appellee, attached to their foreclosure complaint is the following:
“IX. Central water and sewage disposal plants — -Indian Lake Estates, Inc., has constructed and installed a sewage disposal plant (adequate to serve a small portion of the development) and a large water tower. These have been transferred to an organization known as Consolidated Utility Services, Inc., a corporation which is franchised by Polk County, Florida, to provide water and sewer services to the area of the development * * * >f
In addition to Exhibit “M” attached to the foreclosure complaint, the record on appeal contains a letter dated March 25, 1964, addressed to Mr. Francis J. Murtha, executive secretary of the Trustees, which in part states:
“1. A water and sewage plant has been constructed. A Utilities company has begun the installation of lines. The water lines in the first phase (as shown on the plat enclosed) will be completed next week. The sewage contract has been executed and work will begin on the first phase next week with completion of that phase anticipated on or about the second week of May. The company has its franchise and approval from the State Board of Health.”
There is also contained in the record a letter addressed to Mr. Francis J. Murtha dated April 9, 1964, which contains the following:
“By way of background, the nucleus of the new company to be formed by the investors, consists of some of the principle (sic) investors in the Consolidated Utilities Services Corporation, which company owns the present water and sewer facilities at Indian Lake Estates. Consolidated Utilities has already expended in excess of $300,000.00 for water and sewer facilities at Indian Lake Estates.”
Both of the above letters were received by the Trustees prior to the filing of the foreclosure complaint.
With the knowledge that the Trustees had, prior to the filing of the foreclosure complaint, as to the appellant’s *141 rights and interest in the properties foreclosed, the appellant was not an unknown claimant. Therefore, the appellant, not having been made a party to the foreclosure proceedings, its rights if any were not extinguished thereby.
Having held that the foreclosure decree did not extinguish the rights of the appellant, we turn now to the other points on appeal raised by the appellant. Of the six remaining points, there is one which requires a reversal and remand for further proceedings in this cause. The appellant contends, and we agree, that the first reser-' vation quoted above in the 1961 mortgage creates an ambiguity as to its rights as a successor or assignee of Indian Lake Estates, Inc. in the property in question.
The lower court held that there was no ambiguity arising out of the first exception in the 1961 mortgage which is quoted above; however, in its final decree stated:
“The legal effect of the first exception to the second mortgage is not clear * * * ”
After making this finding the court interpreted the first exception to be a release clause. With this interpretation we do not agree.
The trial court, after holding that there was no ambiguity, denied the introduction into evidence of a letter from the Trustees to Indian Lake Estates, Inc. on the ground that it was parol evidence and there being no ambiguity such evidence was inadmissible. This letter is in effect a letter of commitment from the Trustees to Indian Lake Estates, Inc. for the loan of $500,000 secured by the 1961 mortgage. The pertinent part of said letter reads as follows:
“Said Indian Lake Estates is located in Polk County, Florida and is the same subdivision which is the subject matter of an existing loan with us. The mortgage which we presently hold involves certain lots and blocks in Indian Lake Estates and it is now intended that all of the property known as Indian Lake Estates and shown on the accompanying plat shall be the subject matter of our mortgage, except for the lots which you have already sold and the further specific exceptions which are mentioned below.
“It is intended that the amended or new first mortgage or consolidated first mortgage which shall comprise our security for the original loan and for the $500,000 addition shall include the country club house and grounds, the golf courses, the beach, pier and marina, the recreation areas, the streets and dual-lane avenues, the greenways and the parkways, as well as all of the lots and. blocks and other lands and rights which were included in our original mortgage. There shall be excepted, however, from the public areas the land and facilities and easements necessary for the installation, operation and maintenance of utilities and services (which lands and facilities are more specifically enumerated below), including but not limited to electric, gas, water, sewer and garbage and refuse collection. The largest portion of the excepted property is contained in a 40-acre parcel to the South of the property designated on the accompanying plat as ‘Sewerage Treatment Plant Site’ and ‘Utility Company Storage Yard.’ There is also the water treatment plant site #2 and the R.E.A. substation site, shown in the recreation areas immediately to the southeast of the golf course area, which are included in the exceptions, and Block 325, designated as ‘Water Treatment Plant #1,’ is excluded as well. There are in addition, throughout the subdivision, various pumping stations which are excluded. You have also advised the Fund that there would be included in the security a tract of land designed for business use. You have not furnished us with the legal description of said tract but you shall furnish us with said legal description and it shall be inserted as part of the mortgaged premises.”
*142 This letter also shows that the giving of the new mortgage on additional property was not the whole contract but that payments under the first mortgage were to be extended and more interest and security added. As to the note to be given under the letter of commitment, said letter states as follows:
“* * * shall be in conformity with the above payment provisions and shall be secured by a first mortgage oñ all of the real estate above described, constituting Indian Lake Estates, except for the excepted parcels, after confirmation of the legal description of the real estate which comprises the property, under such form of mortgage as shall be selected by our attorney * * *
“* * * He may require that you execute a new first mortgage securing the entire indebtedness (that previously borrowed as well as that currently borrowed), in which event the real estate described in the mortgage shall comprise all of Indian Lake Estates, as foresaid, together with all appurtenances thereto, except the excepted parcels aforementioned ; or our said attorney may cause the execution of an additional mortgage covering the additional indebtedness and the property not previously mortgaged but, in such event, there shall be, at our option, by agreement or otherwise, the consolidation of both mortgages, in order that all of the mortgaged property may be security for the combined indebtedness. The payment provisions, the release provisions and the provisions for the manner in which payment shall be applied contained in the original mortgage shall be contained in the new mortgage or in the documents creating the consolidated mortgages. However, there shall be no provision for the release of any property which shall constitute additional security over and above the properties originally mortgaged until the final payment of all of the combined indebtedness.”
 The case sub judice was disposed of by a summary final decree whereas, in view of the ambiguity created by the first exception in the 1961 mortgage, a full and complete evidentiary hearing should be had including the right to introduce thereat parol or extrinsic evidence concerning such ambiguity.
For the reasons set forth above, the cause is reversed and remanded for further proceedings consistent with this opinion.
LILES, C. J., and MANN, J., concur.